UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

GERALD HENNGHAN,                    :

               Plaintiff,       :
                                    09 Civ. 7381 (RJH)(HBP)
   -against-                       :
                                    OPINION
FREDERICK W. SMITH, Chief           :   AND ORDER
Executive Officer, FEDEX
Corporation, et al.,                :

               Defendants.      :

-----------------------------------X

       PITMAN, United States Magistrate Judge:

       By an application filed November 21, 2009 (Docket Item 4), plaintiff moves for pro bono counsel.[1]  For the reasons set forth below, the motion is denied without prejudice to renewal.

       The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private

---

      [1]In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant.  Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys.  The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff.  If no panel member agrees to represent the plaintiff, there is nothing more the Court can do.  See generally Mallard v. United States District Court, 490 U.S. 296 (1989).  Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, the merits are "[t]he factor which command[s] the most attention." Id.; accord Morgan v. Heart, 09 Civ. 8984 (CM), 2010 WL 1645118 at *1 (S.D.N.Y. Apr. 16, 2010) (McMahon, D.J.). As noted by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'"), quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

> The Court of Appeals for the Second Circuit has stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge, [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to

2

be of substance," or showed "some chance of success." <u>Hodge</u>, 802 F.2d at 60-61 (internal quotation marks and citation omitted).  In <u>Cooper v. A. Sargenti Co.</u>, [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

Plaintiff's application establishes his inability to afford retained counsel and, based on my review of the complaint, his claims appear to have sufficient facial merit to warrant having his cases added to the list of cases circulated to the Court's Pro Bono Panel.  In pertinent part, plaintiff, a former employment of FedEx alleges that he was discriminated against on the basis of age and race and subjected to a pattern of sexual harassment.  Specifically, he alleges that he was subjected to a barrage of requests from his supervisor to participate in sexual activities with the supervisor and the supervisor's wife and that, when plaintiff refused, he suffered numerous adverse employment actions and was ultimately terminated.  Plaintiff has attached a number of exhibits to his complaint, including photographs purportedly sent to plaintiff by his supervisor.  If these exhibits are authentic, they tend to support plaintiff's allegations.  Although there may be some technical deficiencies with respect to some of plaintiff's claims, plaintiff has alleged

sufficient facts and annexed sufficient exhibits to lead me to conclude to conclude that his claim is likely to be of substance.[2]

Plaintiff does not, however, address any of the other relevant factors. For example, plaintiff does not describe any efforts to retain counsel on his own, nor does he explain why he is unable to litigate the case without the assistance of counsel.

Accordingly, for all the foregoing reasons, plaintiff's application to have his case added to the list of cases circulated to the Court's Pro Bono Panel is denied without prejudice to renewal. Any renewed application should address why plaintiff is unable to litigate this action without counsel and the efforts he has made to secure counsel on his own.

Dated:   New York, New York
         September 20, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

---

[2] I emphasize that I am _not_ conlcuding that plaintiff will prevail in this action, nor am I concluding that plaintiff has shown a likelihood of success. I am concluding only that he has made the relatively modest showing of merit required to have his case added to the list of cases circulated to the Pro Bono Panel.

Copies mailed to:

Mr. Gerald Henneghan
5814 Clay Street N.E.
Washington, D.C. 20019

Allyson M. Smith, Esq.
Cheryl M. Stanton, Esq.
Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.
Suite 1700
521 Fifth Avenue
New York, New York  10175